**MEDLIN MARINE, INC. and Marine Development Corporation, Plaintiffs,**

v.

**James E. KLAPMEIER, Boatel Company, Inc. and Boatel Catamarans, Inc., Defendants.**

No. LR–C–78–227.

United States District Court, E. D. Arkansas, W. D.

April 7, 1982.

Barry Coplin, Friday, Eldredge & Clark, Frank Willis, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for plaintiffs.

Gordon Rather, Jr., Wright, Lindsey & Jennins, Little Rock, Ark., Richard Nygaard, Rider, Bennett, Egand & Arundel, Minneapolis, Minn., for defendants.

MEMORANDUM OPINION AND ORDER

HOWARD, District Judge.

This is an admiralty proceeding. Plaintiffs, Medlin Marine, Inc. (Medlin) and Ma-

rine Development Corporation (Marine) seek complete indemnity from the defendant, James E. Klapmeier (Klapmeier) for the satisfaction of judgments paid by each in the sum of $301,685.85, as joint tort-feasors, in an admiralty action for the wrongful death of the late Max Heiman (Heiman) and injuries sustained by members of his immediate family. Heiman's death and the injuries sustained by members of his family resulted when carbon monoxide gas entered the living quarters of Heiman's yacht, on the night of September 1, 1973, through four "drain holes" located just above the yacht's exhaust on the transom.[1]

The watercraft was manufactured by Boatel Company, Inc., (Boatel). However, the air conditioning components in the yacht were sold to Boatel by Marine. Medlin was the retail distributor who sold the boat to Heiman. The wrongful death action against Boatel, Medlin and Marine was tried in admiralty and resulted in a judgment against all three as joint tort-feasors. Because of Boatel's insolvency, Medlin and Marine became responsible for the judgments on a fifty-fifty contribution as joint tort-feasors. Medlin was granted, however, indemnity against Boatel.

The instant proceeding was instituted by Medlin and Marine against Klapmeier on the theory that Klapmeier designed that portion of the watercraft which caused the boat to be defective and dangerous; and that any negligence on their part is secondary or passive in scope while Klapmeier's action in designing the defective and dangerous part may be characterized as active or primary; thus, Klapmeier is obligated to indemnify plaintiffs for the judgments satisfied in the initial proceeding.

Klapmeier was not a party to the initial admiralty proceeding, but appeared and testified as an expert witness for the defense as to his knowledge of the design, manufacture and operation of the defective watercraft.[2]

Klapmeier, in resisting any recovery against him by plaintiffs, contends, among other things:

1. Proof presented by plaintiffs in support of their case fails to demonstrate any basis for awarding indemnity against him individually or otherwise.

2. The facts necessary to support plaintiffs' cause of action must be proved without resorting to the record of the litigation to which Klapmeier was not a party.[3]

While one of the issues in this case is whether Klapmeier, as an individual employee or officer of Boatel, a corporate entity, can be held liable in a products liability action, especially where, as here, Judge Eisele in the initial admiralty proceeding found that Boatel was liable to the initial plaintiffs on the theory of strict liability and negligent design of the watercraft, the Court deems it unnecessary to deal with this issue since the Court is persuaded that the proof offered and relied upon by plaintiffs for recovery against Klapmeier is deficient and accordingly, plaintiffs' action should be dismissed with prejudice.

In support of their case against Klapmeier, plaintiffs offered and relied exclusively on the findings of Judge Eisele and the testimony of Klapmeier in the initial admi-

---

1. The facts and circumstances involving the incident resulting in the death of Mr. Heiman, including detailed findings and conclusions made in the initial proceeding, may be found in the case of *Heiman, et al., v. Boatel, Inc., et al.*, LR–C–73–261, Eastern District of Arkansas, Western Division.

2. The Honorable G. Thomas Eisele, who tried the initial admiralty proceeding to the Court, found, among other things, that Boatel was liable to the plaintiffs on the basis of strict liability and negligent design. Further, Judge Eisele ultimately apportioned liability equally between Medlin and Marine as joint tort-feasors.

3. Defendant also asserted as defenses the following: (1) there is no evidence of plaintiffs' actual payment of the loss; (2) plaintiffs are not the real parties in interest; and (3) the court does not have personal jurisdiction over Klapmeier. The Court finds that these contentions are without merit. It is clear from the record that defendant entered his appearance in this action, filed pleadings and stated in his pre-trial report that "there is no objection to jurisdiction."

ralty proceeding. Klapmeier was not a party to this action, but testified as an expert witness for the defense, plaintiffs here, relating to the design, manufacture and operation of the watercraft. Klapmeier was not advised by either Medlin or Marine that he would in all likelihood be required, in a subsequent proceeding, to respond to a claim for recovery as an indemnitor to them. It is plain that after having been called as an expert witness for the defense, Klapmeier readily assumed that he would not be a target in a lawsuit for either indemnity or contribution. Surely, Klapmeier felt no need to take affirmative steps to protect his own personal interests or minimize his potential liability in the initial admiralty proceeding. To permit Medlin and Marine to use findings and testimony offered by Klapmeier under these circumstances would not only be prejudicial, but would deny to him basic and fundamental fairness required in an adversary proceeding. *United New York Sandy Hook Pilots Association v. Rodermond Industries, Inc.*, 394 F.2d 65 (3rd Cir. 1968); 50 C.J.S. Judgments § 812 at 363; Restatement of Judgments § 107, Comment (e) at 515 (1942).

The Court holds that Klapmeier is not bound by the findings and judgment entered in the initial proceeding, nor may plaintiffs use the record of the prior proceeding to establish their purported claims in the present action. Evidence essential to support Medlin's and Marine's action must be proved without resorting to the record of litigation to which Klapmeier was not a party.

Given the failure to offer independent evidence, plaintiffs have failed to establish that they are entitled to either indemnity or contribution. Accordingly, plaintiffs' action is dismissed with prejudice.